RECEIVED

JAN 1 5 2015

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA
BY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| RONNIE J. BATTLE | CIVIL ACTION NO. 14-cv-3191 |
| VERSUS | JUDGE DONALD E. WALTER |
| REINHART FOODSERVICE LOUISIANA, LLC et al | MAG. JUDGE MARK HORNSBY |

### ORDER

Before the Court is a Motion of Defendants Reinhart FoodService Louisiana, L.L.C. ("Reinhart Louisiana") and Reyes Holdings, L.L.C. ("Reyes") to Compel Arbitration and Dismiss or Stay Judicial Proceedings [Doc. #4]. Plaintiff filed the instant suit against these Defendants on November 5, 2014, alleging unlawful termination and failure to accommodate Plaintiff's alleged disability under the Americans with Disabilities Act ("ADA"). Defendants argue that Plaintiff is bound by a valid and enforceable arbitration agreement to arbitrate all claims he may have against the Defendants, including those that arise out of or relate to his employment relationship with Reinhart Louisiana and his termination therefrom. Plaintiff Ronnie J. Battle opposes the motion [Doc. #13], arguing that the arbitration agreement is a contract of adhesion, procedurally and substantively unconscionable, and is therefore unenforceable.

As stated in his complaint, Plaintiff worked as a delivery driver for Consolidated Companies, Inc. d/b/a Consolidated Food Services (hereinafter "Conco") from 1985 to 1998 and again, when he was rehired, in 2009. In 2011, Conco was purchased by Reinhart Louisiana. Plaintiff remained employed by Reinhart Louisiana until he was terminated in January of 2014. On March 8, 2012, Plaintiff signed an "Arbitration of Disputes Program," which states, in part,

that "[t]his Program is a binding contract ... [a]cceptance of employment or continuation of employment with the Company is deemed to be acceptance of this Program."[1] The arbitration agreement likewise provides, in pertinent part, that

> Any legal claims or controversies ("Claims") an employee may have against the Company or the Company may have against an employee must be resolved by arbitration instead of the courts, whether or not such claims arise out of an employee's employment or its termination. ... Arbitration is the exclusive forum for the resolution of such disputes, and the parties mutually waive their right to a trial before a judge or jury in federal or state court in favor of Arbitration under the Program.[2]

The agreement goes on to explain that the disputes covered therein include any disputes arising under the ADA.

The instant motion is made pursuant to the Federal Arbitration Act (the "FAA"), Title 9 U.S.C. §1 *et seq*. The parties agree that both Louisiana and federal law favor arbitration and that valid arbitration agreements are enforceable. In adjudicating a motion to compel arbitration under the FAA, courts must make the following determinations: (1) whether there is a valid agreement to arbitrate between the parties; and (2) whether the dispute falls within the scope of the arbitration agreement. *See Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc.*, 473 U.S. 614, 626 (1985); *PaineWebber Incorporated v. The Chase Manhattan Private Bank (Switzerland)*, 260 F.3d 453, 462 (5th Cir. 2001). If the dispute falls within the scope of a valid agreement to arbitrate, the Court then must determine "whether legal constraints external to the parties' agreement foreclosed the arbitration of those claims." *Mitsubishi Motors*, 473 U.S. at 628; *see also Folse v. Richard Wolf Medical Instruments Corp.*, 56 F.3d 603, 605 (5th Cir. 1995). Clearly, Plaintiff's claim that he was unlawfully terminated in violation of the ADA falls

---

[1] Doc. #4-3, p. 6.

[2] *Id.*

within the scope of the above-quoted arbitration agreement. The remaining question is whether there was a valid agreement to arbitrate, and, if so, whether that agreement was rendered unenforceable by virtue of unequal bargaining power, as argued by the Plaintiff.

The instant "Arbitration of Disputes Program" was followed by an "Employee Acknowledgment, Receipt and Consent Form," on which Plaintiff's initials appear, followed by his signature.[3] It is clear that Plaintiff was advised of, and agreed to, the fact that all claims between Plaintiff and Defendants would be submitted to binding arbitration.[4] Plaintiff had the option of not signing the agreement and finding other employment if he so chose, but the record reflects that Plaintiff indeed signed the arbitration agreement and continued his employment with Reinhart Louisiana. Viewing the facts in the light most favorable to Plaintiff and having considered the language of the arbitration agreement at issue, it is clear to this Court that the Fifth Circuit has repeatedly upheld arbitration agreements under circumstances very similar to those presented in this case. *See Marino v. Dillard's, Inc.*, 413 F.3d 530 (5th Cir. 2005) (finding similar language to be unambiguous and holding that Louisiana law did not require employee's acceptance of arbitration agreement to be in writing); *Omni Hotels Management Corp. v. Bayer*, 235 F. App'x 208 (5th Cir. 2007) (under Louisiana law, employees were bound by arbitration agreement stating that continued employment was predicated on their agreement to arbitrate and that continued employment provided consideration for the agreement).

Accordingly, the Court is convinced that the instant dispute is subject to arbitration as provided for in the agreement signed by Plaintiff. *Mouton v. Metropolitan Life Insurance Company*, 147 F.3d 453, 456 (5th Cir. 1998) (citing *Moses H. Cone Hospital v. Mercury*

---

[3] *Id.* at p. 8.

[4] *Id.*

*Construction Corp.*, 460 U.S. 1, 24–25 (1983)) ("questions of arbitrability must be addressed with a healthy regard for the federal policy favoring arbitration ... The Arbitration Act establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration."). Defendants argue that this matter should be dismissed or, alternatively, stayed pending arbitration. Section 3 of the FAA is a mandatory provision, requiring a stay of legal proceedings whenever the issues in a case are within the reach of an arbitration agreement. *In re Complaint of Hornbeck Offshore (1984) Corporation*, 981 F.2d 752, 754 (5th Cir. 1993)(internal citation omitted). Therefore, this case is hereby **STAYED** and **ADMINISTRATIVELY CLOSED** pending arbitration.

  **THUS DONE AND SIGNED** in Shreveport, Louisiana, this 15 day of January, 2015.

*/s/ Donald E. Walter*
DONALD E. WALTER
UNITED STATES DISTRICT JUDGE