UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| RONNIE J. BATTLE | CIVIL ACTION NO. 14-cv-3191 |
| VERSUS | JUDGE DONALD E. WALTER |
| REINHART FOODSERVICE LOUISIANA, LLC et al | MAG. JUDGE MARK HORNSBY |

## MEMORANDUM RULING & ORDER

Before the Court is Plaintiff Ronnie J. Battle's Motion to Re-Open the Case and Vacate the Arbitration Award [Doc. #15]. Defendants Reinhart Foodservice Louisiana, L.L.C. ("Reinhart Louisiana") and Reyes Holdings, L.L.C. ("Reyes") (collectively, hereinafter, "Defendants") oppose the motion [Doc. #19]. Because Plaintiff failed to contemporaneously file a memorandum in support of his motion, a later-filed Motion for Leave to File a Memorandum in Support [Doc. #22] is also pending before the Court. Said motion [Doc. #22] is **GRANTED**; Plaintiff's proposed memorandum in support [Doc. #22-2] has been considered for purposes of this ruling. For the reasons that follow, Plaintiff's motion to vacate the arbitration award and re-open this case [Doc. #15] is **DENIED**.

Plaintiff filed the instant suit on November 5, 2014, alleging unlawful termination and failure to accommodate Plaintiff's alleged disability under the Americans with Disabilities Act ("ADA") and Louisiana Employment Discrimination Law ("LEDL"). Defendants moved to compel arbitration, and this Court found that the parties' dispute was subject to a binding arbitration agreement and stayed this case, on January 15, 2015, pending arbitration. [Doc. #14].

According to the parties' arbitration agreement, "[c]laims shall be resolved through binding arbitration to be administered by JAMS, The Resolution Experts ("JAMS"), in

accordance with its Employment Arbitration Rules and Procedures ("Rules") . . ." [Doc. #15-2, p. 2]. Pursuant to the agreement, "[a] party wishing to make a claim must give written notice to the other party within the statutory period mandated by the applicable relevant federal, state, or local law. The arbitrator shall dismiss as untimely any claim that is submitted for arbitration after the expiration of any such time period." [Doc. # 15-2, pp. 1-2]. The record reflects that, on both January 20 and September 15, 2015, Plaintiff's counsel emailed to Defendants' counsel a "Notice of Claim: Arbitration Request"; however, no claim was filed with JAMS until June 2016.[1] Upon Plaintiff's filing with JAMS, Defendants sought dismissal of Plaintiff's claims via motion for summary judgment. On January 3, 2017, an arbitrator granted Defendants' motion, finding that Plaintiff's ADA and LEDL claims were not timely submitted for arbitration. [Docs. ##15-3, 19-1]. On February 5, 2017, Plaintiff filed the instant motion, seeking to vacate that award, as "erroneous based upon the contract in this matter." [Doc. #15, p. 1].

Under the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1 *et seq.*, a district court may vacate an arbitration award:

> (1) where the award was procured by corruption, fraud, or undue means;
>
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
>
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or

---

[1] The arbitrator set forth the undisputed facts in support of her award, *see* Doc. #15-3, and the Court need not repeat those facts here. Plaintiff has made no attempt to dispute the facts, and indeed, has failed to argue a valid legal basis for vacatur. Accordingly, this Court reiterates only those facts necessary to support the instant ruling.

(4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a). "Section 10 provides the exclusive grounds for vacatur of an arbitration award." *Cooper v. WestEnd Capital Mgmt., L.L.C.*, 832 F.3d 534, 544 (5th Cir. 2016). "The burden of proof is on the party seeking to vacate the award, and any doubts or uncertainties must be resolved in favor of upholding it." *Id.*; *see also Brabham v. A.G. Edwards & Sons Inc.*, 376 F.3d 377, 385 n. 9 (5th Cir. 2004).

Here, Plaintiff falls far short of carrying his heavy burden and indeed makes no attempt to identify which, if any, of the above-cited, exclusive statutory grounds he relies upon in requesting vacatur of the arbitration award. Instead, Plaintiff frames the issue before this Court as "whether [Plaintiff] was justified in only doing what the arbitration contract requires to start arbitration or whether [Plaintiff] may be forced to comply with additional conditions, not contained in the [arbitration agreement], at the [Defendants'] whim." [Doc. #22-2]. To the extent that Plaintiff is challenging the arbitrator's award under §10(a)(4), the Supreme Court has made clear that district courts' review of arbitrators' awards "is limited to the 'sole question . . . [of] whether the arbitrator (even arguably) interpreted the parties' contract.'"*BNSF Railway Co. v. Alstom Transp., Inc.*, 777 F.3d 785, 788 (5th Cir. 2015) (quoting *Oxford Health Plans LLC v. Sutter,* 133 S. Ct. 2064, 2068 (2013)). Here, a review of the arbitrator's award clearly indicates that she analyzed the text of the arbitration agreement and reached a conclusion framed in terms of the contract's meaning. *Id.* Furthermore, it is well-established that the arbitrator, not the court, should decide procedural questions, including timeliness. *See Robinson v. J & K Admin. Mgmt. Servs., Inc.*, 817 F.3d 193, 195 (5th Cir. 2016); *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 84 (2002). The arbitrator did not exceed her powers.

As outlined above, "[u]nder the FAA, courts may vacate an arbitrator's decision 'only in very unusual circumstances.'" *Oxford Health*, 133 S. Ct. at 2068 (quoting *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 942 (1995)). Limited judicial review "maintain[s] arbitration's essential virtue of resolving disputes straightaway." *Hall Street Associates, L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 588 (2008). If parties could take "full-bore legal and evidentiary appeals," arbitration would become "merely a prelude to a more cumbersome and time-consuming judicial review process." *Id.* Finding no basis for vacatur, pursuant to the exclusive statutory grounds therefor, the motion [Doc. #15] is **DENIED**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 13 day of May, 2017.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE